UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL CEDENO Individually,
and on behalf of All Others Similarly
Situated Who Consent to Their Inclusion
in a Collective Action;

Plaintiff,
v.

CASE NO.:

KONA GRILL, INC., a Delaware Corporation
and KONA MACADAMIA, INC., a Delaware
Corporation,

Defendants.



8:17 cv 1039 T 30 AEP

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff Miguel Cedeño (hereinafter referred to as "Plaintiff") individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sues the above Defendants, KONA GRILL, INC. and KONA MACADAMIA, INC., for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter referred to as the "FLSA") and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (hereinafter referred to as the "FMLA"), and alleges as follows:

### INTRODUCTION

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were meant to combat "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. §207.

2. Plaintiff brings this lawsuit for violation of federal wage and hour laws by and on behalf of all similarly situated current and former employees of Defendants.

TRA -43325
$400

3. Pursuant to policy and plan, Defendants violated the FLSA by: (a) failing to properly calculate overtime wages; (b) willfully misclassifying employees as exempt from overtime compensation, and (c) failing to pay proper overtime wages to such employees.

4. Accordingly, Plaintiff and similarly situated current and former employees were not compensated at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

5. An employee's overtime rate is calculated by multiplying the employee's regular rate of pay by 1.5 for purposes of overtime computation, and an employee's regular rate of pay includes any bonuses received.

6. Defendants' failure to pay Plaintiff, and all similarly situated employees overtime compensation at a rate not less than one and one-half times their regular rate of pay for all hours of work performed beyond the forty (40) hour workweek is a violation of the FLSA, in particular 29 U.S.C. §207.

7. Defendants' improper classification of Plaintiff and all similarly situated employees as exempt from overtime compensation is a violation of the FLSA, in particular 29 U.S.C. §207.

8. Plaintiff brings this Collective Action pursuant to 29 U.S.C. 216(b) on behalf of all sous chefs, assistant managers, assistant general managers, and all other corporate employees who were clearly and willfully misclassified by the Defendants as exempt from the FLSA's overtime requirements, to recover unpaid overtime wages under the Fair Labor Standards Act.

9. Plaintiff also brings an individual claim for violation of the FMLA, arising out of Defendants' willful disregard for Plaintiff's rights in taking FMLA leave during his wife's at-risk pregnancy.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §1331; 29 U.S.C. §§216(b) and 217; and 29 U.S.C. §2615, because this action involves a federal question under the FLSA and FMLA.

2

11. This Court has original and personal jurisdiction over this action because the Defendants are engaged in business within the State of Florida, and the action complained of occurred in Florida.

12. Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because the Defendants own and operate facilities in Sarasota and Hillsborough Counties, and the unlawful conduct occurred within the Tampa Division of this Court.

## THE PARTIES

13. **MIGUEL CEDENO ("Cedeño").** At all times relevant to this action, the Representative Plaintiff, Miguel Cedeño, resided in the State of Florida.

14. Plaintiff, Miguel Cedeño, was employed by Defendants from June of 2014 to January 14, 2017 as a sous chef, working at the University Town Center location in Sarasota, Florida, having an address of 150 University Town Center Drive, #150, Sarasota, Florida 34243. Defendants maintain a corporate office at 7150 E. Camelback Road, #333, Scottsdale, AZ 85251. Defendants also maintain restaurant locations throughout the United States and the Commonwealth of Puerto Rico.

15. Cedeño was paid on a salary basis during the entirety of his employment with Defendants. From approximately June of 2014 through April of 2015, he was paid a salary of $48,000.00 per year. From approximately April of 2015 until his employment ended, he was paid a salary of $49,500.00 per year.

16. Cedeño worked, on average, approximately 55 to 60 hours per week. Periodically, his hours would exceed 60 hours per week.

17. Defendants wilfully misclassified Cedeño as an exempt employee and failed or refused to pay Cedeño any premium compensation for any hours worked in excess of forty (40) during any given workweek.

18. For the purposes of this collective action and the proposed class, Cedeño hereby consents in writing to be a party to this action in accordance with 29 U.S.C. §216(b), pursuant to his sworn affidavit, attached to this Complaint as Exhibit "A."

3

19. At all times relevant to this action, Cedeño and all other members of the proposed FLSA collective action were employees of Defendants within the meaning of 29 U.S.C. §203(e)(1).
20. **Defendant**, KONA GRILL, INC., is a for-profit corporation with its principle place of business located at 7150 E. Camelback Road, #333, Scottsdale, AZ 85251. Its registered agent is Incorp Services, Inc., 919 North Market Street, Suite 425, Wilmington, DE 19801.
21. Defendant currently owns and operates forty-five (45) upscale-casual restaurants in 23 states and Puerto Rico.
22. Plaintiff worked as a sous chef at Defendant's Sarasota restaurant.
23. Defendant is a covered enterprise under the FLSA, pursuant to 29 U.S.C. §203.
24. Defendant was an employer of Plaintiff, and similarly situated employees, within the meaning of the FLSA, 29 U.S.C. §203(e)(1).
25. Defendant is a joint employer of Plaintiff and similarly situated employees, along with its subsidiaries (including, but not limited to, KONA MACADAMIA, INC.), as KONA GRILL, INC. exerted unfettered control over Plaintiff's employment.
26. Agents of KONA GRILL, INC. maintained the authority, in regard to Plaintiff and similarly situated employees, to hire and fire, to promulgate work rules and assignments, set conditions of employment, supervise and discipline, and control payroll records.
27. **Defendant**, KONA MACADAMIA, INC., is a for-profit corporation with its principle place of business located at 7150 E. Camelback Road, #333, Scottsdale, AZ 85251. Its registered agent is also Incorp Services, Inc., 919 North Market Street, Suite 425, Wilmington, DE 19801.
28. Defendant is a wholly owned subsidiary of KONA GRILL, INC., and merely operates several of KONA GRILL, INC.'s restaurants, including the Sarasota location where Plaintiff worked.
29. KONA MACADAMIA, INC. was and is a joint employer of Plaintiff and other similarly situated employees, along with KONA GRILL, INC.

## GENERAL ALLEGATIONS

30. Plaintiff brings this Collective Action for Defendants' FLSA violations including but not limited to the following: (a) failing to properly calculate overtime wages; (b) improperly classifying employees as exempt from overtime compensation; and (c) failing to pay proper overtime compensation to Plaintiff and all similarly situated employees.

31. Plaintiff also brings a claim individually under the FMLA for retaliation and interference with his right to take medical leave during his wife's pregnancy and upon the birth of his son.

32. Defendants paid the Representative Plaintiff and all other similarly situated employees on a salary basis, and willfully and unlawfully failed or refused to pay them the proper overtime rate for any and all hours worked in excess of forty (40) during any given workweek, and willfully and improperly misclassified Plaintiff and all other similarly situated employees as exempt from overtime pay requirements.

33. Defendants willfully failed to comply with the FLSA's overtime requirements by failing or refusing to pay any compensation for hours worked in excess of forty (40) during any given workweek.

34. Plaintiff brings this FLSA Collective Action on behalf of all of the following restaurant employees: sous chefs, assistant general managers, and assistant managers. Plaintiff also brings this FLSA Collective Action on behalf of all of the following corporate office employees: Site development managers, lease administrators, development procurement managers, facilities managers, purchasing/facilities coordinators, project designers, manager of architecture, accounts payable managers, accountants, senior managers of tax, managers of IT, senior tax analysts, marketing managers, marketing coordinators, applications systems support analysts, recruiters, training managers, and training coordinators.

35. The FLSA provides that, with certain exceptions, employers must pay their employees overtime of at least one and one-half times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. §27(a)(1). The Act exempts certain employees from the overtime requirements. However, an "employer who claims an

exemption from the FLSA has the burden of showing that the exemption applies" *see Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).

36. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this matter.

37. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

38. Further evidence reflecting the precise number of hours worked per week by Plaintiff and every other member of the putative class (as defined below), as well as the applicable compensation rates, is in the possession of Defendant. If these records become unavailable, Plaintiff and members of the class may establish the hours they worked solely by their testimony, and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this action as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), on behalf of himself and the following class of persons:
    a. **"The Non-Exempt Employee Class."** Many employees of the Defendants, including both corporate employees and employees at Defendants' restaurant locations, were subject to the common practice of KONA GRILL, INC. to willfully and intentionally misclassify non-exempt employees as exempt to avoid paying those employees the required overtime compensation. The restaurant employees damaged by this practice include all sous chefs, assistant general managers, and assistant managers. The corporate employees damaged by this practice include: site development managers, lease administrators, development procurement managers, facilities managers, purchasing/facilities coordinators, project designers, manager of architecture, accounts payable managers, accountants, senior managers of tax, managers of IT, senior tax analysts, marketing managers, marketing coordinators, applications systems support analysts, recruiters, training managers, and training coordinators.

40. The claims of the Representative Plaintiff are typical of the claims of the members of the class.

41. The number of proposed members of the Class is so numerous that a joinder of all members is impractical, though the precise number of class individuals is presently in the sole possession of the Defendants.
42. Plaintiff will fairly and adequately protect the interests of the proposed members of the Collective Class and has retained counsel experienced in federal litigation and appeals. There is no conflict between Plaintiff and other members of the class.
43. Common questions of law and fact exist as to the proposed Collective Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:
    a. Whether Defendants unlawfully misclassified members of the Class as exempt from overtime requirements;
    b. Whether Defendants failed to pay proper overtime pay to members of the Class;
    c. Whether Defendants' policy of failing to pay workers the applicable federal overtime compensation has been willfully instituted or with reckless disregard of the law, and
    d. The nature and extent of class-wide injury and the measure of damages for those injuries.
44. A Collective Action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the controversy for a number of reasons, including, but not limited to, the following: this case challenges the employment practices of a large employer, and many employees may be reluctant to bring claims individually for fear of retaliation; some members of the Class may have only worked for the Defendants for a short period of time and their individual damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many members of the Class will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affecting by the practices challenged herein to bring his or her own individual claim.

# COUNT 1

## MISCLASSIFICATION OF THE "NON-EXEMPT EMPLOYEE" CLASS

45. Plaintiff re-alleges and incorporates paragraphs 1-39 as if fully set out herein.
46. Defendants paid Plaintiff and members of the Non-Exempt Employee class a pre-determined annual salary, without regard to the amount of hours worked per week, and paid no overtime compensation to any member of the class whatsoever.
47. Defendants willfully and intentionally misclassified Plaintiff and members of the Non-Exempt Employee class as exempt from overtime pay pursuant to 29 C.F.R. §541.100 or 29 C.F.R. §541.200.
48. Plaintiff and members of the Non-Exempt Employee class from the Defendants' restaurant locations' primary duties included cooking, cleaning, preparing food and stocking food, and other forms of manual labor.
49. Members of the Non-Exempt Employee Class from the Defendants' corporate offices' primary duties included data entry and other clerical type work that did not involve the exercise of any personal discretion whatsoever. Moreover, members of the Non-Exempt Employee Class from the Defendants' corporate office did not supervise other employees and never had any authority to hire or fire other employees.
50. Defendants failed to pay Plaintiff and members of the Non-Exempt Employee class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) during any given workweek.
51. Accordingly, Defendants unlawfully misclassified Plaintiff and members of the Non-Exempt Employee class as exempt from the overtime requirements of 29 U.S.C. §207.
52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).
53. Due to the Defendants' FLSA violations, Plaintiff and members of the Non-Exempt Employee class have suffered damages, and are entitled to recover from the Defendants their unpaid overtime compensation, and an additional amount equal as liquidated damages, reasonable attorney's fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF FLSA'S OVERTIME REQUIREMENTS

54. Plaintiff re-alleges and incorporates paragraphs 1-39 as if fully set out herein.
55. Defendants failed or refused to properly calculate Plaintiff and members of the Non-Exempt Employee class' overtime compensation.
56. Defendants simply paid Plaintiff and members of the Non-Exempt Employee class a set salary, regardless of the amount of hours they worked over forty (40) in any given workweek, despite having knowledge that such employees were not exempt from the FLSA's overtime requirements.
57. Thus, Defendants failed or refused to properly pay Plaintiff and members of the Non-Exempt Employee class overtime compensation for all hours worked in excess of forty (40) for any given workweek, in violation of 29 U.S.C. §207.
58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).
59. Due to the Defendants' FLSA violations, Plaintiff and members of the Non-Exempt Employee class have suffered damages, and are entitled to recover from the Defendants their unpaid overtime compensation, and an additional equal amount as liquidated damages, reasonable attorney's fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT III

### FMLA RETALIATION

60. Plaintiff re-alleges and reincorporates paragraphs 1-39 as if fully set out herein.
61. Plaintiff is an eligible employee under the FMLA, pursuant to 29 U.S.C. §2611(2), as he had worked for Defendants for at least 12 months and had worked at least 1,250 hours for Defendants in the previous 12 months prior to requesting FMLA leave.
62. Defendants are covered employers under the FMLA, pursuant to 29 U.S.C. §2611(4).
63. Plaintiff was entitled to FMLA leave due to the pregnancy of his wife and the impending birth or his first son, pursuant to 29 U.S.C. §2612(a)(1).
64. Plaintiff was also entitled to intermittent leave under the FMLA, pursuant to 29 U.S.C. §2612(b).

65. Prior to Plaintiff taking his FMLA leave, he was "next-in-line" to be promoted to the position of Executive Chef.
66. Prior to Plaintiff taking his FMLA leave, the Executive Chef of Defendants' Sarasota restaurant was terminated or resigned. During this time, Plaintiff essentially began performing the roles of the Executive Chef, with the assumption that he would be promoted to this position, given his seniority, prior experience with Defendants, and his completion of pre-management training.
67. Once Plaintiff informed Defendants that he would be taking FMLA leave to care for his wife and newborn son, Defendants no longer considered him as a candidate for the Executive Chef position.
68. Defendants' decision not to promote Plaintiff was causally related to Plaintiff's decision to take FMLA leave, which is protected activity under the FMLA.
69. Defendants intentionally discriminated against Plaintiff in connection with their failure to promote him in violation of the FMLA.
70. As a direct and proximate result of the actions by Defendants, Plaintiff suffered damages, and is entitled to recover compensation and benefits lost by reason of the violation, actual monetary losses, and attorney's fees, costs and disbursements of this action, pursuant to 29 C.F.R. §825.220(b).

## COUNT IV
## FMLA INTERFERENCE

71. Plaintiff re-alleges and reincorporates paragraphs 1-39 as if fully set out herein.
72. Plaintiff is an eligible employee under the FMLA, pursuant to 29 U.S.C. §2611(2), as he had worked for Defendants for at least 12 months and had worked at least 1,250 hours for Defendants in the previous 12 months prior to requesting FMLA leave.
73. Defendants are covered employers under the FMLA, pursuant to 29 U.S.C. §2611(4).
74. Plaintiff was entitled to FMLA leave due to the pregnancy of his wife and the impending birth or his first son, pursuant to 29 U.S.C. §2612(a)(1).
75. Plaintiff was also entitled to intermittent leave under the FMLA, pursuant to 29 U.S.C. §2612(b).

76. Defendants interfered, restrained or denied Plaintiff his rights under the Family Medical Leave Act.
77. As a direct and proximate result of the actions by Defendants, Plaintiff suffered damages, and is entitled to recover compensation and benefits lost by reason of the violation, actual monetary losses, and attorney's fees, costs and disbursements of this action, pursuant to 29 C.F.R. §825.220(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a) An order designating this action as a Collective Action and issuance of notice, pursuant to 29 U.S.C. §216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b), and that this notice be sent to all past and present employees of the Defendants at any time during the three (3) year period immediately preceding the filing of this lawsuit, through and including the date of this Court's issuance of the Court Supervised Notice.

b) An order appointing Plaintiff MIGUEL CEDENO and his counsel to represent the Non-Exempt Employee Class.

c) That the Court finds Defendants in violation of the FLSA and issues a judgment in Plaintiff's favor.

d) That the Court find that the Defendants' violations of the FLSA were and are willful and in bad faith.

e) That the Court award the Plaintiff and all similarly situated employees of the Non-Exempt Employee Class compensation for all the previous hours worked over forty (40) hours that they did not receive at least one and one-half times the regular rate of compensation for, in any given week during the past three years; AND liquidated damages of an equal amount of the minimum compensation; in addition to penalties and interest on said award pursuant to 29 U.S.C. §216.

f) That the Court award Plaintiff a collective action representative incentive fee for Plaintiff's efforts and time dedicated to bringing justice through this action and the extra efforts he put in for leading this litigation;

g) That the Court finds Defendants in violation of the FMLA and issue a judgment in Plaintiff's favor;

h) That the Court award Plaintiff compensation for benefits lost by reason of the FMLA violation, actual monetary losses, and penalties and fees consistent with 29 C.F.R. §825.220(b).

i) That the Court award any other legal and equitable relief as this Court may deem appropriate and the law allows.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) f the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this __April 28, 2017__ and respectfully submitted by:

_____
Y. Drake Buckman, II, Esq.
Trial Counsel for Plaintiff and Putative Class
Florida Bar Number: 0145130

_____
Nicholas J. Castellano, II, Esq.
Trial Counsel for Plaintiff and Putative Class
Florida Bar Number: 0118601

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Blvd.
Sarasota, FL 34231
Telephone: (941) 923-7700
Fax: (941) 923-7736
Email: attorney@buckmanandbuckman.com
Secondary: nancy@buckmanandbuckman.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL CEDENO Individually,
and on behalf of All Others Similarly
Situated Who Consent to Their Inclusion
in a Collective Action;

        Plaintiffs.

v.

CASE NO.: 8:16-cv-1221-T-24JSS

KONA GRILL, INC.,

        Defendant.

_____/

## AFFIDAVIT OF MIGUEL CEDENO AND CONSENT TO SUE PURSUANT TO 29 U.S.C. §216(b)

Plaintiff, Miguel Cedeño, files this affidavit and has personal knowledge of the facts as set forth below:

1. I, the affiant, am over eighteen (18) years of age.
2. I hereby give my consent to be a Plaintiff for the putative class in a collective action lawsuit against Kona Grill, Inc., in relation to unpaid overtime wages under the Fair Labor Standards Act. I am also bringing a claim individually for violations of the FMLA.
3. I hereby give my consent to be the representative Plaintiff for the putative class in the above referenced collective action lawsuit against Kona Grill, Inc., in relation to unpaid overtime wages under the Fair Labor Standards Act.

_____
MIGUEL CEDENO

# VERIFICATION

STATE OF FLORIDA
COUNTY OF SARASOTA

    Sworn to or affirmed and signed before me on ___May 1, 2017___ by Miguel Cedeño

_Nancy E. Hardinger_
NOTARY PUBLIC or DEPUTY CLERK

NANCY E. HARDINGER
Notary Public – State of Florida
Commission # GG 089017
My Comm. Expires Jul 4, 2021
Bonded through National Notary Assn.

_NANCY E. HARDINGER_
[Print, type or stamp commissioned name of notary or deputy clerk.]

    ☐ Personally known
    ✓ Produced identification

Type of identification produced ___FL DRIVERS LICENSE___