**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MIGUEL CEDENO, Individually, and**
**on behalf of All Others Similarly Situated,**

    **Plaintiffs,**

v.                                                                                       **Case No.  8:17-cv-1039-T-30AEP**

**KONA GRILL, INC. and KONA**
**MACADAMIA, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion and Memorandum of Law in Support of Conditionally Certifying a FLSA Collective Action and Sending Notice to the Class (Dkt. 16) and Defendants' Response in Opposition (Dkt. 20).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied.

## BACKGROUND

On May 5, 2017, Plaintiff Miguel Cedeno filed this collective action against Defendants Kona Grill, Inc. and Kona Macadamia, Inc., under the Fair Labor Standards Act ("FLSA"), alleging that he and other similarly situated employees were entitled to overtime compensation.  Plaintiff moves to conditionally certify a nationwide collective action of "all current and former employees of Kona Grill, Inc. after June 1, 2014, who worked overtime but were not paid overtime wages, and who held the following positions: sous chef, assistant

general manager of restaurant, assistant manager of restaurant, site development manager, lease administrator, development procurement manager, facilities manager, purchasing/facilities coordinator, project designer, manager of architecture, accounts payable manager, accountant, senior manager of tax, manager of IT, senior tax analyst, marketing manager, marketing coordinator, applications system support analyst, recruiter, training manager, and training coordinator." (Dkt. 16).

At this early stage, "the notice stage," Plaintiff must show that there are other similarly situated employees who desire to opt-in to the action. Plaintiff does not meet this burden and, therefore, the Court will not certify the proposed class.

## **DISCUSSION**

Pursuant to the FLSA,

> [a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collective action under §216(b). *See Cameron-Grant v. Maxim Healthcare Sys.*, 347 F.3d 1240, 1242 (11th Cir. 2003) (citing *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a

decision -- usually based only on the pleadings and any affidavits which have been submitted -- whether notice of the action should be given to potential class members." *Id.* at 1243. The Court must determine whether there are other employees who desire to opt-in and whether those employees are similarly situated. *See Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

The onus is on Plaintiff to demonstrate a reasonable basis for the assertion that there are other employees who desire to opt-in. *See Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-cv-770-T-27MSS, 2006 WL 752831, at *3 (M.D. Fla March 23, 2006) (quoting *Haynes v. Singer Co., Inc.*, 696 F. 2d 884, 887 (11th Cir. 1983)). Although this is a lenient standard, mere belief or unsupported expectations that additional plaintiffs will come forward are insufficient to justify certification. *Id.*; *see also Hart v. JP Morgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27TBM, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012); *David v. Associated Out-Door Clubs, Inc.,* No. 8:09-cv-1541-T-30MAP, 2010 WL 1730702, at *1-*2 (M.D. Fla. April 27, 2010).

Here, Plaintiff falls short of establishing that other employees desire to opt-in this action. Kona Grill, Inc. owns 46 restaurants in 23 states and the Commonwealth of Puerto Rico. In July 2014, Plaintiff worked as a sous chef in the Sarasota, Florida location. Plaintiff alleges that Kona misclassified him and other employees as exempt from receiving overtime compensation.

Plaintiff's motion relies heavily on the affidavit of Lisa Ethelbah, Kona's former human resources manager. According to Ethelbah, audits she performed during her

employment reflected that Kona had misclassified employees as exempt from the FLSA's overtime pay requirements throughout both the corporate office and restaurants. Ethelbah claims that Plaintiff worked in one of the positions that she had identified as being misclassified as exempt.

Tellingly, neither Plaintiff, nor Ethelbah, identify a single individual who desires to join this action. They also fail to even state that they are aware of other Kona employees who desire to opt-in this action. And no individuals have filed notices of consent to join this action. The failure to identify other interested employees is particularly glaring when one considers the size of the proposed class, which encompasses employees working in 46 different restaurant locations. Even though the threshold to conditionally certify a class is low, it is not invisible. Accordingly, Plaintiff's motion fails on this basis.

However, even if Plaintiff had provided sufficient evidence that other employees desire to opt-in this action, Plaintiff fails to establish that the employees are similarly situated. Typically, conditional certification involves a group of employees who share the same job title and duties, like (in the restaurant context) a class of servers, bartenders, or food runners. Plaintiff's proposed class includes twenty-one different job titles that are completely unrelated with respect to their duties, compensation, supervision, location, and exemption classification. The only similarity is that the twenty-one job titles were allegedly misclassified as exempt. But this is too broad.

Indeed, as this Court previously held when it denied a plaintiff's motion to conditionally certify a broad class of non-exempt "former hourly-paid laborers," "[n]on-

exempt employees, of course, are the entire class of employees to which the FLSA's minimum-wage requirement applies.  If such a broad and inexact class of employees were sufficient to conditionally certify a class under the FLSA, the conditional-certification standard would not merely be a lenient one, but a meaningless one.  It is not." *See White v. SLM Staffing LLC*, No. 8:16-CV-2057-T-30TBM, 2016 WL 4382777, at *2 (M.D. Fla. Aug. 17, 2016).  If the Court were to certify Plaintiff's proposed class in this case, the Court would essentially render the similarly-situated requirement meaningless.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion and Memorandum of Law in Support of Conditionally Certifying a FLSA Collective Action and Sending Notice to the Class (Dkt. 16) is denied.

2. Plaintiff's Motion for Hearing (Dkt. 21) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 24, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record