## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MIGUEL CEDENO Individually,
and on behalf of All Others Similarly
Situated Who Consent to Their Inclusion
in a Collective Action;

      Plaintiffs,

v.                                         CASE NO.: 8:17-cv-1039-T-30AEP

KONA GRILL, INC., a Delaware Corporation,
and KONA MACADAMIA, INC., a Delaware
Corporation,

      Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION *WITH PREJUDICE* AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Miguel Cedeño, Robert Fair, Robertson Dieudonne and Victor Vasquez and Defendants, Kona Macadamia, Inc. and Kona Grill, Inc., through their respective undersigned counsel, jointly move this Honorable Court to approve the settlement reached by the parties of the Fair Labor Standards Act claims in this case and to dismiss the instant action *with prejudice*, and in support thereof state as follows:

1.      In their Complaint, Plaintiffs alleged that Defendants misclassified them as exempt employees under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.

§201, *et seq*. Plaintiff Miguel Cedeño also alleged that Defendants violated his rights under the Family and Medical Leave Act (Doc. 1).[1]

2. The Parties have successfully come to an agreement to resolve their dispute as to Plaintiffs' FLSA claims, and now seek approval of that agreement from the Court and dismissal of the instant action *with prejudice*. Copies of the FLSA Settlement Agreements between the Parties are attached as **Exhibit A**.

3. The settlement provides that Defendants will pay Plaintiffs and their attorneys the following payments:

- $12,700.00 ($6,350.00 in unpaid wages and $6,350.00 in liquidated damages) to Plaintiff Miguel Cedeño;

- $11,500.00 ($5,750.00 in unpaid wages and $5,750.00 in liquidated damages) to Plaintiff Robertson Dieudonne;

- $4,100.00 ($2,050.00 in unpaid wages and $2,050.00 in liquidated damages) to Plaintiff Robert Fair;

- $6,700.00 ($3,350 in unpaid wages and $3,350 in liquidated damages) to Plaintiff Victor Vazquez;

- $30,000.00 in attorney's fees and costs to Plaintiffs' attorney, Buckman & Buckman, P.A.

4. In exchange for all payments made under the terms of the FLSA Settlement Agreements, Plaintiffs agree to release Defendants from their claims under the FLSA.

5. The amount of attorney's fees and costs expended in this matter have been reasonable. This case has been heavily litigated for well over one year. To date, Plaintiff's

---

[1] For additional consideration, the Parties have also entered into separate agreements resolving the pending FMLA claims (among other disputes between the Parties), including general releases of claims. The Parties do not seek Court approval of those agreements.

counsel has prepared and filed the Complaint and two motions for conditional certification, which all Parties briefed extensively. The Parties have exchanged several rounds of written discovery requests and have produced a voluminous amount of documents, including ESI, e-mails, time and pay records, credit card and bank records, and personnel records. Over the course of the litigation, the Parties have exchanged countless communications via telephone and e-mail regarding the number of hours that Plaintiff worked or did not work in light of various documents produced by the Parties and whether or not Plaintiffs performed exempt work. Plaintiffs' counsel spent significant time analyzing Defendants' detailed records to calculate the alleged damages due to Plaintiffs. The Parties have also collectively conducted approximately nine depositions and other third party discovery.

6. As described more fully below, the Parties agree this is a fair and reasonable settlement of a bona fide dispute as to Plaintiffs' FLSA claims.

7. Therefore, the Parties are submitting this Motion and the FLSA Settlement Agreements to the Court for a determination that there has been a fair and reasonable resolution of a bona fide dispute with respect to Plaintiffs' FLSA claims, and for dismissal of the instant action *with prejudice*.

## MEMORANDUM OF LAW

### A. Standard of Review.

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to

employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits:
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007)(citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

### B. There Is a Bona Fide Dispute as to FLSA Claims, and All of the Relevant Criteria Support Final Approval of the Settlement.

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties

4

seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In this case, Plaintiffs asserted that they were improperly classified as exempt employees and should have been eligible to receive overtime compensation for hours worked over 40 in one workweek. Defendants have maintained throughout the course of the litigation, and continue to maintain, that Plaintiffs and all sous chefs at every Kona location are properly classified as exempt managerial employees. After considering the above disputes, the Parties agreed to compromise Plaintiffs' FLSA claims.

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees,* 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is remarkably close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id.* at 1244. Here, the Parties agree that there is a bona fide dispute as to whether Plaintiffs were exempt employees or not. Defendants have presented case law holding on summary judgment that sous chefs and similarly-situated kitchen employees have been found by many courts to be exempt under the executive and administrative exemptions to the FLSA. Plaintiffs are aware of that case law, but maintain that their specific job duties took them outside of the exemptions.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the

plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiffs were represented by Nick Castellano and Drake Buckman of Buckman & Buckman, P.A., and Defendants were represented by Andrew R. Lincoln and Ashwin R. Trehan of Jackson Lewis P.C. All counsel involved in this case have extensive experience in litigating claims under the FLSA, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement. The Parties continue to disagree over the merits of the claims asserted by Plaintiffs. As noted herein, Plaintiffs contend Defendants did not pay overtime compensation to which they are entitled under the FLSA. Defendants maintain that Plaintiffs were properly classified as exempt and, therefore, were not entitled to any overtime compensation. If the Parties continued to litigate this matter, they would be forced to engage in a costly trial in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchanges of information, data and documents to allow counsel and the Court to act prudently. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion. Specifically, Defendants' counsel utilized its internal data analytics team to compile sophisticated damages models using the ESI and other available

data to compare various damages iterations using Plaintiffs' pay and time records. Both Parties were aware of these damages models and potential outcomes of the case if it was litigated through trial.

Plaintiffs also considered the case law regarding similar positions having been found exempt by other courts in Florida and elsewhere. Defendants have considered the fact that misclassification cases are fact-specific, making summary judgment and an eventual trial very costly to prosecute. Finally, the last consideration was Plaintiffs' desire for resolution in this matter. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and resources by the Parties, the exact amount of Plaintiffs' recovery is uncertain and may be much less than they garnered under the global resolution of their claims.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorney's fees. *See Helms*, 2006 U.S. Dist. LEXIS at *6-7. As noted above, the Parties have heavily litigated this case for well over one year. The attorneys' fee requested is reasonable given the stage of litigation and the amount of work performed in this case and, therefore, the Parties contend that the Court should approve the settlement of Plaintiffs' FLSA claims. Further, Plaintiffs' counsel's fees were agreed upon separately and without regard to the amount paid to Plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fl. 2009).

## **CONCLUSION**

The FLSA Settlement Agreements are fair, reasonable and adequate.  The Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order dismissing Plaintiffs' FLSA claims with prejudice.

WHEREFORE, Plaintiffs Miguel Cedeño, Robert Fair, Robertson Dieudonne and Victor Vasquez and Defendants, Kona Macadamia, Inc. and Kona Grill, Inc. respectfully request that the Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiffs' claims under the Fair Labor Standards Act; (iii) DISMISSING Plaintiffs' FLSA claims with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

Dated:  October 1, 2018.

| For the Plaintiff: | For the Defendants: |
|---|---|
| */s/ Nicholas J. Castellano, II* <br> Nicholas J. Castellano, II, Esq. <br> Fla. Bar No. 0118601 <br> **BUCKMAN & BUCKMAN, P.A.** <br> 2023 Constitution Blvd. <br> Sarasota, Florida 34231 <br> Telephone: (941) 923-7700 <br> nick@buckmanandbuckman.com | */s/ Andrew R. Lincoln* <br> Andrew R. Lincoln, Esq. <br> Fla. Bar No. 0069588 <br> **JACKSON LEWIS P.C.** <br> 100 South Ashley Drive, Suite 2200 <br> Tampa, Florida  33602 <br> Telephone: (813) 512-3218 <br> andrew.lincoln@jacksonlewis.com |

4841-2051-1347, v. 1